UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PETER DEGENNARO, | ) |
|       Petitioner, | ) |
| v. | )   2:15-cv-00381-GZS |
| STATE OF MAINE, | ) |
|       Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Peter DeGennaro seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) He contends that the Maine Law Court violated his due process rights when it affirmed his conviction under the state's theft consolidation statute as a theft by deception, despite the fact that Petitioner was indicted for and convicted at trial of theft by unauthorized taking or transfer.[1] *State v. DeGennaro*, 2012 ME 68, ¶¶ 1, 13-14, 46 A.3d 1147.

---

[1] The theft consolidation statute, 17-A M.R.S. § 351, provides:

> Conduct denominated theft in this chapter constitutes a single crime embracing the separate crimes such as those heretofore known as larceny, larceny by trick, larceny by bailee, embezzlement, false pretenses, extortion, blackmail, shoplifting and receiving stolen property. An accusation of theft may be proved by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint, information or indictment, subject only to the power of the court to ensure a fair trial by granting a continuance or other appropriate relief if the conduct of the defense would be prejudiced by lack of fair notice or by surprise. If the evidence is sufficient to permit a finding of guilt of theft in more than one manner, no election among those manners is required.

The statute that governs the crime of theft by unauthorized taking or transfer, 17–A M.R.S. § 353(1)(B)(1), provides in pertinent part:

> **1.** A person is guilty of theft if:
>
>     **A.** The person obtains or exercises unauthorized control over the property of another with intent to deprive the other person of the property . . . .
>
>     **B.** The person violates paragraph A and:

Following his direct appeal in state court, the United States Supreme Court denied certiorari, and Petitioner unsuccessfully petitioned for post-conviction relief in state court. (*DeGennaro v. State of Maine*, No. Cum-15-49, Order Denying Certificate of Probable Cause.) The Law Court denied a certificate of probable cause on the grounds that its decision in Petitioner's direct appeal did not violate his due process rights. (*Id.*)

In Petitioner's section 2254 petition, he essentially argues that the Law Court's order denying a certificate of probable cause involved an unreasonable application of federal law, pursuant to 28 U.S.C. § 2254(d)(1). The State has requested summary dismissal. (Response, ECF No. 7.) Petitioner filed a reply. (Reply, ECF No. 23.)

Following a review of the petition, the State's request for dismissal, and Petitioner's reply, I recommend that the Court grant the State's request and dismiss the petition.

### I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The indictment in state court charged that during November and December of 2007, Petitioner committed theft by unauthorized taking or transfer (Class B), 17-A M.R.S. § 353(1)(B)(1). *DeGennaro*, 2012 ME 68, ¶ 1, 46 A.3d 1147. (*State v. DeGennaro*, No. PORSC-CR-2008-01935 (Me. Super. Ct. Cumberland Cnty.), Indictment.) Following a jury-waived trial,

---

> **(1)**     The value of the property is more than $10,000. Violation of this subparagraph is a Class B crime.

The statute that governs the crime of theft by deception, 17–A M.R.S. § 354(1)(B)(1), provides in pertinent part:

1. A person is guilty of theft if:

    **A.**     The person obtains or exercises control over property of another as a result of deception and with intent to deprive the other person of the property . . . .

    **B.**     The person violates paragraph A and:

    **(1)**     The value of the property is more than $10,000. Violation of this subparagraph is a Class B crime.

the court found Petitioner guilty. *DeGennaro*, 2012 ME 68, ¶ 1, 46 A.3d 1147. The court imposed a sentence of seven years of imprisonment, to be served concurrently with sentences Petitioner was serving in Massachusetts for similar conduct. *Id.* ¶ 9.

The Law Court denied leave to appeal from the sentence. *Id.* On appeal from the judgment of conviction, Petitioner argued that "the evidence was insufficient as a matter of law to support the court's finding that he unlawfully controlled 'the property of another,' [citing section 353(1)(B)(1)], and insufficient as a matter of fact to support the court's finding concerning his intent." *Id.* ¶ 1.

The Law Court upheld the conviction, but under a different statute from that cited in the indictment or the judgment of conviction. *Id.* "We conclude, pursuant to the consolidation section of the statutory chapter setting out theft offenses, 17-A M.R.S. § 351 (2011), that the evidence was sufficient to support a finding that DeGennaro was guilty of theft by deception, 17-A M.R.S. § 354(1)(B)(1) (2011), and on that basis we affirm the judgment." *Id.* (footnotes omitted). As to the interpretation of the theft-by-deception statute, the Law Court stated:

> In *State v. McLaughlin*, [2009 ME 90, 977 A.2d 1008], we specifically did not address the question of "whether or not a person commits a theft by deception if that person receives an item as a result of a promise of future payment or performance of services, but, upon receipt of the item, does not plan to pay or perform." 2009 ME 90, ¶ 24 n.1, 977 A.2d 1008. We now address that issue and hold that the crime of theft by deception occurs when a person accepts money pursuant to a contract with the present intent to not perform what the contract requires, but to instead keep the money for some unauthorized purpose.

*Id.* ¶ 14.

Petitioner moved for reconsideration citing the same argument he later raised in his state court post-conviction petition and in his section 2254 petition, namely, that the Law Court's decision violated his due process rights when it affirmed his conviction under the theft consolidation statute and the theft by deception statute. (Motion for Reconsideration at 2-6.) In

3

June 2012, the Law Court denied Petitioner's motion for reconsideration on the merits. (Order Denying Motion to Reconsider.) In October 2012, the Supreme Court denied Petitioner's petition for a writ of certiorari. *DeGennaro*, 133 S. Ct. 448.

Petitioner filed a pro se state court post-conviction petition in October 2012, and in February 2013, counsel filed an amended petition. (*DeGennaro v. State of Maine*, No. CUMCD-CR-2012-07507 (Me. Super. Ct. Cumberland Cnty.), Post-conviction Docket Sheet at 1.) Petitioner asserted ineffective assistance claims not at issue in this section 2254 petition. (Amended Post-conviction Petition at 4.) He also argued that his due process rights were violated because (1) he was never tried for or convicted of a violation of 17-A M.R.S. § 354, and (2) the Law Court affirmed the conviction by applying a novel interpretation of section 354. (*Id.* at 5.)

The Superior Court held an evidentiary hearing in February 2014, and in January 2015, the court denied the petition. (Post-conviction Docket Sheet at 3-4; Post-conviction Review Order.)

In August 2015, the Law Court denied Petitioner's request for a certificate of probable cause. (*DeGennaro v. State of Maine*, No. Cum-15-49, Order Denying Certificate of Probable Cause.) In its order, the Law Court stated in pertinent part:

> DeGennaro contests the Superior Court's conclusion that we did not violate his procedural due process rights by affirming his judgment of conviction on direct appeal. *See State v. DeGennaro*, 2012 ME 68, ¶ 1, 46 A.3d 1147, *cert. denied*, [133 S. Ct. 448]. DeGennaro argues that we violated his due process rights when we applied the theft consolidation statute to the trial court's findings and concluded that those findings supported a conviction for theft by deception, following his trial and conviction for theft by unauthorized taking. *See id.* ¶¶ 12-13. He also contends that we retroactively applied a novel construction of the theft by deception statute to him, unforeseeably enlarging the statute in violation of his due process right to fair warning that his conduct was criminal. We disagree. After reviewing the record, we have discerned no error and determined that no further hearing or other action is necessary to a fair disposition.

*Id.*

Petitioner asserts that he signed his section 2254 petition and placed it in the prison mail system in September 2015; the petition was filed later that month. The petition was filed timely under 28 U.S.C. § 2244(d)(1)(A). The State requests summary dismissal pursuant to section 2254(d).

## II. DISCUSSION

### A. Legal Standard

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Because Petitioner's section 2254 claim was adjudicated in the state court, it is governed by 28 U.S.C. § 2254(d), which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See Hensley v. Roden*, 755 F.3d 724, 730–31 (1st Cir. 2014) (noting that the Court looks to Supreme Court holdings in effect when the state court decision was rendered).

The Supreme Court has noted with respect to section 2254(d)(1): "This standard, we have explained, is 'difficult to meet': To obtain habeas corpus relief from a federal court, a state prisoner must show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v.*

*Lancaster*, --- U.S. ---, ---, 133 S. Ct. 1781, 1786-87 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  A state court's decision on a due process issue is thus entitled to deference. *Harrington*, 562 U.S. at 101; *Cooper v. Bergeron*, 778 F.3d 294, 306 (1st Cir. 2015) ("In light of the deference due state courts under [28 U.S.C. § 2254], we are . . . required to give considerable leeway to the state court's resolution of the federal constitutional question.").

### B. Grounds Asserted and Analysis

#### 1. 28 U.S.C. § 2254(d)(1)

Petitioner makes two due process arguments, both of which are governed by section 2254(d)(1).  First, he argues that in the Law Court's decision in his direct appeal, the Court enlarged the crime of theft by deception in a manner that violated Petitioner's due process right against *ex post facto* punishment.  In other words, he argues that because the Law Court's interpretation of the theft by deception statute did not exist at the time he committed the crime, the decision in his appeal operated as an *ex post facto* punishment.  Second, he argues that the Law Court, by affirming his conviction as a theft by deception when he had not been charged or tried for theft by deception, deprived him of fair notice and a trial on that charge.[2]

Petitioner raised both due process arguments in his state court post-conviction petition and in support of his request to the Law Court for a certificate of probable cause to appeal from the

---

[2] To the extent that Petitioner challenges the state court's interpretation of the state theft statutes, independent of the due process claim, the state law claim fails because state law issues are not reviewable in a federal habeas action.  *See* 28 U.S.C. § 2254(a).  In *State v. DeGennaro*, 2012 ME 68, ¶13, 46 A.3d 1147, the Law Court applied the theft consolidation statute, 17-A M.R.S. § 351, and cited *State v. Brasslett*, 451 A.2d 890, 896 (1982).  In *Brasslett*, the Law Court held that section 351 operates such that "a specific allegation of theft by unauthorized taking pursuant to 17-A M.R.S.A. § 353, as in the instant case, will support evidentiary proof of theft in any other manner described by the several separate provisions of the Code relating to the crime of theft."  *Brasslett*, 451 A.2d at 894.  In the Law Court's order denying Petitioner a certificate of probable cause, the Law Court extended the holding of *Brasslett* to apply when the issue is first addressed by the Law Court *sua sponte* on appeal.  Although Petitioner may obtain federal review of his due process claim, the state court's interpretation of the theft consolidation statute is otherwise a matter of state law and is not reviewable.

denial of his state court petition.  He therefore exhausted his state court remedies as required under 28 U.S.C. § 2254(b)(1)(A).

### a. *Ex post facto*: fair warning that the conduct was criminal

"The Constitution forbids the passage of *ex post facto* laws, a category that includes '[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" *Peugh v. United States*, --- U.S. ---, ---, 133 S. Ct. 2072, 2077-78 (2013) (quoting *Calder v. Bull*, 3 Dall. 386, 390 (1798)); U.S. Const., art. I, § 10, cl. 1 ("No State shall . . . pass any . . . ex post facto Law").  Although the *ex post facto* clause applies to the legislative branch of government, the Supreme Court has recognized that the right applies to the judicial branch through the due process clause.  *Marks v. United States*, 430 U.S. 188, 191-92 (1977); *Bouie v. City of Columbia*, 378 U.S. 347, 355 (1964); U.S. Const. amend. XIV.  "[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law . . . ." *Bouie*, 378 U.S. at 353; *Rogers v. Tennessee*, 532 U.S. 451, 455 (2001) (holding that "due process prohibits retroactive application of any 'judicial construction of a criminal statute [that] is unexpected and indefensible by reference to the law which [had] been expressed prior to the conduct in issue'") (quoting *Bouie*, 378 U.S. at 354) (quotation marks omitted).  "'[A] criminal statute must give fair warning of the conduct that it makes a crime.'" *Rogers*, 532 U.S. at 457 (quoting *Bouie*, 378 U.S. at 350).

The Supreme Court has also held that "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier*, 520 U.S. 259, 266 (1997).  "[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *Id.* at 267.  In *Lanier*, the

Court noted that "when an earlier case expressly leaves open whether a general rule applies to the particular type of conduct at issue, a very high degree of prior factual particularity may be necessary." *Id.* at 271. However, the Court also noted that "general statements of the law are not inherently incapable of giving fair and clear warning." *Id.*

The Law Court's application of the theft consolidation statute and its interpretation of the theft by deception statute did not deprive Petitioner of fair warning, at the time of the crime, that his conduct was criminal.[3] Although the Law Court recognized in *DeGennaro* that the Court had previously left open "the question of 'whether or not a person commits a theft by deception if that person receives an item as a result of a promise of future payment or performance of services, but, upon receipt of the item, does not plan to pay or perform,'" the Law Court's resolution of that question, and its application of the newly stated rule to Petitioner's conviction, did not deprive Petitioner of fair warning because the statutory language of sections 351 and 354 provided fair warning.[4] *DeGennaro*, 2012 ME 68, ¶ 14, 46 A.3d 1147 (quoting *State v. McLaughlin*, 2009 ME 90, ¶ 24 n.1, 977 A.2d 1008). Not only did the theft consolidation and theft by deception statutes exist at the time of the crime, but Law Court precedent also existed; the Law Court held in 1987 that a charge under 17-A M.R.S. § 353 functioned as a charge under "'any other theft offense under Chapter 15 of the Criminal Code that the evidence supported.'" *Id.* ¶ 12 (quoting *State v. Laplante*, 534 A.2d 959, 965 (Me. 1987)).

---

[3] Because the theft consolidation statute, 17-A M.R.S. § 351, was in effect in 2007 when Petitioner committed the crime, there is no issue of any legislative violation in this case, Section 351 was last amended in 2007, effective June 30, 2008, to incorporate the word "complaint" into the statute. *See* P.L. 2007, c. 475, § 11. The amendment has no bearing on this case.

[4] Title 17-A M.R.S. § 354(2)(A) states in pertinent part that, for purposes of section 354, "deception occurs when a person intentionally . . . [c]reates or reinforces an impression that is false and that the person does not believe to be true, including . . . false impressions as to identity, law, value, knowledge, opinion, intention or other state of mind." Section 354(2)(A) was amended in 2015, effective October 15, 2015. *See* P.L. 2015, c. 21, § 1. The amendment has no bearing on this case.

In short, the Law Court's decision in Petitioner's appeal did not subject Petitioner to *ex post facto* punishment in violation of his due process rights, and its decision to deny a certificate of probable cause was not contrary to or an unreasonable application of federal law.

### b. Fair notice of the charge prior to trial

Petitioner also argues that the Law Court's decision to affirm his conviction for a crime that was neither charged in the indictment nor proven at trial deprived Petitioner of (1) fair notice of the charge and (2) a trial on the charge for which he is currently serving a sentence.

The Supreme Court has noted:

> In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in case any other proceedings are taken against him for a similar offense[,] whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

*Russell v. United States*, 369 U.S. 749, 763-64 (1962) (quotation marks omitted). "In other words, the charging document is meant to guarantee the defendant's Sixth Amendment right to be informed of the nature of the accusation against him and his Fifth Amendment right not [to] be put in jeopardy more than once for the same offense." *United States ex rel. Carbone v. Manson*, 447 F. Supp. 611, 623 (D. Conn. 1978) (citing *United States v. Zeidman*, 540 F.2d 314, 316 (7th Cir. 1976)).

The theft consolidation statute, 17-A M.R.S. § 351, provided Petitioner with fair notice of the charge of theft by deception, 17-A M.R.S. § 354, prior to trial, despite the fact that the indictment did not cite to section 354. The Law Court held that the theft consolidation statute rendered a charge of theft by unauthorized taking or transfer, 17-A M.R.S. § 353, equally a charge under any of the other theft offenses set forth in the same chapter of the criminal code. *DeGennaro*,

9

2012 ME 68, ¶ 12, 46 A.3d 1147.  In support of its decision, the Law Court cited five of its prior cases, all of which predated Petitioner's August 2008 indictment.  *Id.* at ¶ 12.  Contrary to his argument, Petitioner did not lack fair notice of the charge of theft by deception.

Similarly, the theft consolidation statute provides that the proof at trial may be "by evidence that [the crime] was committed in any manner that would be theft" under the same chapter.[5]  *Id.*; 17-A M.R.S. § 351.  Based on the operation of the theft consolidation statute, Petitioner was not denied due process when his conviction was affirmed as a theft offense under a section of the criminal code chapter other than the one cited in his indictment or proved at trial.[6]

The Law Court's decision in Petitioner's appeal thus did not violate his due process rights, and its decision to deny a certificate of probable cause was not contrary to or an unreasonable application of federal law.

### III.  CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  I recommend that the Court dismiss Petitioner's section 2254 petition, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[5] In Petitioner's memorandum in support of a certificate of probable cause, he argued that the provision in 17-A M.R.S. § 351 authorizing the court to grant a continuance to ensure fair notice of the charges supports his argument that he was deprived of fair notice. (Memorandum in Support of Certificate of Probable Cause at 7.)  The Law Court rejected this argument when it denied Petitioner's request for a certificate of probable cause.

[6] The Supreme Court has addressed similar, but distinguishable cases. In *Cole v. Arkansas*, 333 U.S. 196 (1948), the Court held that the state court had denied due process when it affirmed the petitioners' convictions under one statute after the petitioners had been charged, tried and convicted under another "distinctly and substantially different" statute. *Cole*, 333 U.S. at 202. *Cole* is distinguishable in part because in *Cole* there was no consolidation statute at issue. This case is also unlike *Bouie v. City of Columbia*, 378 U.S. 347 (1964), in which the Supreme Court concluded that the judicial interpretation of the criminal statute at issue was "clearly at variance with the statutory language." *Bouie*, 378 U.S. at 356.  In Petitioner's case, the Law Court's interpretation was not at variance with the language of the theft consolidation statute.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of May, 2016.